**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT D. ST. JEOR,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

PATTERSON DENTAL SUPPLY,
INC., a Minnesota corporation,

      Defendant-Counter-
      Claimant-Appellee.

No. 01-4012
(D.C. No. 98-CV-822-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Scott D. St. Jeor appeals the district court's judgment in a breach of employment contract claim against defendant Patterson Dental Supply, Inc. (Patterson). After a two-day bench trial, the court concluded Patterson's termination of St. Jeor was proper, finding him to be an at-will employee under applicable Utah law. [1] We affirm.

Mr. St. Jeor, a dental supply sales representative, was recruited to work for Patterson in 1996. In November of that year, Mr. St. Jeor and Mr. Dalley, a branch manager of Patterson, signed a document titled "Sales Representative Agreement." Mr. St. Jeor claims that the agreement bound Patterson to a five-year term of employment for Mr. St. Jeor, with a specified draw against commissions on sales of dental supplies. Twice during the next year and a half, Mr. St. Jeor received Patterson employee handbooks which included a page titled "Acknowledgment of Receipt of Employee Handbook." The acknowledgment read as follows:

---

[1] The district court's findings and conclusions were dated November 27, 2000. Procedurally, Mr. St. Jeor also appeals the denial of his timely filed motion for new trial or amendment of judgment dated January 12, 2001, which preserved his challenges here. Substantively, those challenges are directed at the November 27 findings and conclusions.

-2-

By my signature below I acknowledge that I have received a copy of Patterson's Employee Handbook and that I will thoroughly familiarize myself with the Company's policies, benefits, and operating rules and regulations.

I understand that my employment with Patterson is not for any fixed term and may be terminated either by the employee or by the Company at any time and for any reason.

I further understand that the contents of this handbook are not contractual, but rather they are written for informational purposes to anticipate employee's questions about Patterson.

Aplt. App. at 15, 16. Mr. St. Jeor signed the acknowledgments, first in September of 1997 and again in February of 1998.

Patterson terminated Mr. St. Jeor's employment on October 7, 1998. Thereafter, Mr. St. Jeor filed suit in federal district court alleging a breach of the Sales Representative Agreement and Patterson counterclaimed with allegations of misappropriations of trade secrets, and fraudulent and negligent misrepresentation. At trial, the district court concluded that, to the extent the Sales Representation Agreement was even a valid contract specifying a term of employment, that term was modified by Mr. St. Jeor's proven knowledge of the at-will provisions of the employment handbook. On appeal, Mr. St. Jeor disputes the court's conclusion and underlying factual findings.

-3-

We review a trial court's finding of facts under the clearly erroneous standard. *See* Fed. R. Civ. P. 52(a); *Salve Regina Coll. v. Russell*, 499 U.S. 225, 233 (1991). Whether the district court correctly interpreted the law of Utah, however, is a matter that we review *de novo*. *Id.* at 232-33; *Horace Mann Ins. Co. v. Johnson ex rel. Johnson*, 953 F.2d 575, 576 (10th Cir. 1991).

Under Utah law, absent an express or implied contractual term of duration, the employment relationship is presumed to be at-will. *See Fox v. MCI Communications Corp.*, 931 P.2d 857, 859 (Utah 1997). An employee can overcome that presumption by showing evidence of a contrary agreement. "An at-will relationship . . . may be modified by a subsequent 'implied or express agreement that the employment may be terminated only for cause or upon satisfaction of any other agreed-upon condition.'" *Wood v. Utah Farm Bureau Ins. Co.*, 19 P.3d 392, 396 (Utah Ct. App. 2001) (quoting *Fox,* 931 P.2d at 859). But just as the presumptive at-will relationship may be subsequently modified, an express or implied condition of employment contrary to at-will status may be affected by a subsequent modification. As explained by the Utah Supreme Court:

> In the case of unilateral contract for employment, where an at-will employee retains employment with knowledge of new or changed conditions, the new or changed conditions may become a contractual obligation. In this manner, an original employment contract may be modified or replaced by a subsequent unilateral contract. The employee's retention of employment constitutes acceptance of the offer of a unilateral contract; by continuing to stay on the job,

-4-

although free to leave, the employment supplies the necessary consideration for the offer.

*Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1002 (Utah 1991) (further citation omitted).

Specifically, the Utah Supreme Court has held that "[w]hen an employee admittedly has knowledge of a distributed handbook's provision that modifies the employment contract and continues to work for the employer after gaining such knowledge, the modified contract prevails, and previous, contradictory conditions have no effect." *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 401 (Utah 1998) (citing *Trembly v. Mrs. Fields Cookies*, 884 P.2d 1306, 1312 (Utah Ct. App. 1994)). It was based on this holding that the district court found Mr. St. Jeor to be an at-will employee at the time of his termination. Having reviewed the applicable Utah law ourselves, which, we note, includes protections against unfairness in the bargaining process, we find the district court correctly applied Utah law to the facts in this case.

We also find Mr. St. Jeor's attempts to distinguish the clear meaning of the *Ryan* case unpersuasive. Like the plaintiff in *Ryan*, Mr. St. Jeor signed the handbook with full knowledge of the unambiguous at-will language and continued to work for Patterson after gaining that knowledge. Thus, as accurately held by the district court, even if the Sales Representative Agreement contained an

enforceable five-year term of employment at the time it was signed, that provision was effectively modified.

The Utah Supreme Court has noted its awareness that proof of a party's intent to modify an employment contract will often turn on questions of fact. *See Ryan*, 972 P.2d at 401. Along these lines, Mr. St. Jeor argued that Patterson misrepresented the necessity and the importance of his signature on the handbook. By implication, Mr. St. Jeor claimed to have signed it without fully understanding its significance and thus had no real knowledge of the modification. However, after weighing all of the oral and written evidence, much of it conflicting with Mr. St. Jeor's version of events, the district court rejected his arguments as unconvincing. The district court's findings are amply supported by the record before us and are not clearly erroneous. *See Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000).

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-6-